# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **MISTY JOHNSON,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:14-cv-30-PMW**<br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Misty Johnson's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff previously applied for DIB, alleging disability beginning on April 15, 2009.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On September 15, 2011, Plaintiff

---

[1] *See* docket no. 5, Administrative Record ("Tr. _____") 125-26.

[2] *See* Tr. 60, 72.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on August 1, 2012.[4]  On August 13, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB.[5]  On January 17, 2014, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On March 21, 2014, Plaintiff filed her complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[7]  The Commissioner filed her answer and the administrative record on July 3, 2014.[8]  On July 22, 2014, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9] Consequently, the case was assigned permanently to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] *See* Tr. 83-84.

[4] *See* Tr. 28-46.

[5] *See* Tr. 9-27.

[6] *See* Tr. 1-4.

[7] *See* docket no. 3.

[8] *See* docket nos. 4-5.

[9] *See* docket no. 12.

[10] *See id.*

Plaintiff filed her opening brief on August 18, 2014.[11]  The Commissioner filed her answer brief on October 15, 2014.[12]  Plaintiff filed her reply brief on October 27, 2014.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one

---

[11] *See* docket no. 14.

[12] *See* docket no. 17.

[13] *See* docket no. 18.

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See*

20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently
> engaged in substantial gainful activity.  If [the claimant] is,
> disability benefits are denied.  If [the claimant] is not, the decision
> maker must proceed to step two: determining whether the claimant
> has a medically severe impairment or combination of impairments.
> . . . If the claimant is unable to show that his impairments would
> have more than a minimal effect on his ability to do basic work
> activities, he is not eligible for disability benefits.  If, on the other
> hand, the claimant presents medical evidence and makes the de
> minimis showing of medical severity, the decision maker proceeds
> to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §

404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed

impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the

impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751

(quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).  At the fourth step, the

claimant must show that the impairment prevents performance of his "past relevant work."  20

C.F.R. § 404.1520(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not

disabled."  *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his

previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

4

in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R.

§ 404.1520(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other

work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled.  If, on the other hand, it is determined

that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to

benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ erred (1) at step two of the sequential evaluation process, (2) in her

evaluation of a certain medical opinion, (3) in her credibility assessment, (4) in her RFC

assessment, and (5) by concluding that Plaintiff could return to her past relevant work. The court

will address those arguments in turn.

### I.  Step Two

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by

failing to conclude that Plaintiff's depression was a severe impairment.  "[A]t step two, the ALJ

must consider the combined effect of all of [the claimant's] impairments without regard to

whether any such impairment, if considered separately, would be of sufficient severity [to

survive step two]."  *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and

citations omitted) (second and third alterations in original).  The Tenth Circuit has explained that

any error committed in that consideration is rendered "harmless when the ALJ reache[s] the

proper conclusion that [the claimant] could not be denied benefits conclusively at step two and

proceed[s] to the next step of the evaluation sequence."  *Id*.

In this case, the ALJ determined that Plaintiff suffered from several severe impairments. Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process.  Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.  *See id*.

## II.  Medical Opinion

Plaintiff first argues that the ALJ erred in his evaluation of the opinion of Dr. Gayle Hopper ("Dr. Hopper").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527.  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

> opinion and the reason for that weight.  If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").  As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

Plaintiff contends that the ALJ failed to engage in the proper analysis when considering Dr. Hopper's opinions.  The court disagrees.  The ALJ relied upon proper factors to support the conclusion that Dr. Hopper's opinions were entitled to little weight.  The ALJ properly relied upon the fact that Dr. Robinson's opinions were not supported by other evidence in the record. *See* 20 C.F.R. § 404.1527(c)(3).  The ALJ also properly considered the fact that Dr. Hopper's opinions consisted of only conclusions concerning Plaintiff's functional limitations and that her opinions did not contain any rationale or support for those conclusions.  *See id*.  For those reasons, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. Hopper.

### III.  Credibility

Plaintiff next argues that the ALJ erred in her credibility assessment.  In general,

"[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will

not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68

F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted).   Although credibility

determinations "should be closely and affirmatively linked to substantial evidence," *id.*

(quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation

of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when

evaluating the credibility of an individual's statements, including his or her allegations of pain.

*See* SSR 96-7p.  In addition to the objective medical evidence, an ALJ should consider the

following factors when assessing the credibility of an individual's statements:

1.   The individual's daily activities;
2.   The location, duration, frequency, and intensity of the
     individual's pain or other symptoms;
3.   Factors that precipitate and aggravate the symptoms;
4.   The type, dosage, effectiveness, and side effects of any
     medication the individual takes or has taken to alleviate
     pain or other symptoms;
5.   Treatment, other than medication, the individual receives or
     has received for relief of pain or other symptoms;
6.   Any measures other than treatment the individual uses or
     has used to relieve pain or other symptoms (e.g., lying flat
     on his or her back, standing for 15 to 20 minutes every
     hour, or sleeping on a board); and
7.   Any other factors concerning the individual's functional
     limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 404.1529(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir.

1993).

In this case, the ALJ relied upon proper factors to support her determination that Plaintiff's statements about her alleged impairments and limitations were not credible. The ALJ properly relied upon the fact that the medical record contradicted Plaintiff's complaints. *See* 20 C.F.R. § 404.1529(c)(3)-(4); SSR 96-7p; *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical evidence" when assessing credibility). The ALJ properly noted the fact that Plaintiff had received relatively conservative treatment for her impairments. *See* 20 C.F.R. 404.1529(c)(iv)-(v); SSR 96-7. The ALJ also properly considered Plaintiff's daily activities in reaching the credibility determination. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p. Finally, the ALJ properly relied upon the fact that Plaintiff admitted that she had received unemployment compensation during the relevant time period, which was inconsistent with her claim of disability because it required her to certify that she was willing and able to work. *See* 20 C.F.R. § 404.1529(c)(4).

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in her assessment of Plaintiff's credibility.

## IV.  RFC

Plaintiff next argues that the ALJ erred in her assessment of Plaintiff's RFC. Specifically, Plaintiff contends that the ALJ's RFC determination failed to comply with SSR 96-8p because it

"appears as a conclusion" and contains "no reasoning and no citation of specific facts."[14]  *See*

SSR 96-8p (providing that "[t]he RFC assessment must include a narrative discussion describing

how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory

findings) and nonmedical evidence (e.g., daily activities, observations)" and that "[t]he

adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in

the case record were considered and resolved").  Plaintiff also asserts that the ALJ failed to

include any mental limitations in the RFC.  Both of Plaintiff's arguments fail.

First, with respect to the ALJ's compliance with SSR 96-8p, the court concludes that

Plaintiff's argument is both misleading and without merit.  The ALJ inserted her conclusion

about Plaintiff's RFC at the beginning of the section devoted to discussing Plaintiff's RFC.  She

followed that conclusion, however, with over four pages of supporting discussion and reasoning.

The court's reading of that discussion demonstrates that the ALJ not only summarized the

medical evidence but also discussed the "nonmedical evidence (e.g., daily activities,

observations)" and "explain[ed] how any material inconsistencies or ambiguities in the evidence

in the case record were considered and resolved."  *Id*.  For example, the ALJ incorporated her

credibility determination into her RFC assessment.  As previously noted, that determination

included a discussion about the evidence that the ALJ considered in concluding that Plaintiff's

testimony was not credible.  The ALJ also noted in numerous places how she resolved

inconsistencies and ambiguities in the record evidence.  Finally, the ALJ specifically considered

the medical opinion evidence in her findings in support of Plaintiff's RFC.  *See id*. ("The RFC

assessment must always consider and address medical source opinions.").  The ALJ accepted that

---

[14] Docket no. 14.

opinion evidence to the extent it was supported by the record and provided an adequate

explanation for the portions of that evidence that she rejected. *See id*. ("If the RFC assessment

conflicts with an opinion from a medical source, the adjudicator must explain why the opinion

was not adopted."). For those reasons, the court concludes that the ALJ complied with SSR

96-8p in determining Plaintiff's RFC.

As for Plaintiff's cursory argument that the ALJ failed to include any mental limitations

in Plaintiff's RFC, the court concludes that it is nothing more than an attempt to reargue the

weight of the evidence before the ALJ, which is a futile tactic on appeal. It is not this court's role

to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's

role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at

1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the

court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See*

*Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only

the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at

1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's findings from being supported by substantial evidence. We

may not displace the agenc[y's] choice between two fairly conflicting views, even though the

court would justifiably have made a different choice had the matter been before it de novo."

(quotations and citations omitted) (alteration in original)). For that reason, the court concludes

that Plaintiff's argument about the ALJ's failure to include any mental limitations in Plaintiff's

RFC is without merit.

**V.  Past Relevant Work**

Finally, Plaintiff argues that the ALJ erred by concluding that she could return to her past

relevant work.  In relevant part, SSR 82-62 provides that when an ALJ determines that a claimant

has the capacity to perform past relevant work, the ALJ's decision must contain the following

three findings of fact:

> 1.     A finding of fact as to the individual's RFC.
>
> 2.     A finding of fact as to the physical and mental
>        demands of the past job/occupation.
>
> 3.     A finding of fact that the individual's RFC would
>        permit a return to his or her past job or occupation.

SSR 82-62.  That three-phase process has been strictly interpreted and requires "the ALJ himself

[to] make the required findings on the record."  *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir.

1996); *see also, e.g.*, *Young v. Apfel*, No. 98-6411, 1999 U.S. App. LEXIS 27918, at *10-13 (10th

Cir. Oct. 28, 1999) (unpublished) (reiterating "*Winfrey*'s requirement that the ALJ make his own

findings on the record" and reversing based, in part, on the ALJ's failure to make the second

finding required by SSR 82-62).

Plaintiff first argues that the ALJ erred with respect to the first finding required by SSR

82-62.  To that end, Plaintiff reasserts the same argument made above concerning the ALJ's

determination of Plaintiff's RFC.  The court has already rejected that argument and rejects it

again here.  The ALJ's factual findings with respect to Plaintiff's RFC are sufficient to satisfy the

first required finding under SSR 82-62.

Plaintiff also argues that the ALJ failed to make the second and third findings required by

SSR 82-62.  The court disagrees.  The ALJ posed a hypothetical question to the VE that required

consideration of whether a person with Plaintiff's RFC could perform the exertional and skill level demands of Plaintiff's past relevant work.  Based on the VE's affirmative response to the hypothetical question, the ALJ concluded that Plaintiff's past work did not require demands in excess of her RFC.  That analysis was sufficient.  *See, e.g.*, *Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003); *see also Jordan v. Barnhart*, 213 Fed. App'x 643, 646 (10th Cir. 2006).

Fort those reasons, the court concludes that the ALJ did not err by concluding that Plaintiff could perform her past relevant work.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge